1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

8   RONALD TAYLOR,

9                        Plaintiff,

10          v.

11  MICHAEL J. ASTRUE,
    Commissioner of Social Security,

12                       Defendant.

13

CASE NO.     C06-5618FDB

REPORT AND
RECOMMENDATION

Noted for June 8, 2007

14          This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. §

15  636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by Mathews, secretary of H.E.W.

16  v. Weber, 423 U.S. 261 (1976).  This matter has been fully briefed.  In response to Plaintiff's Opening

17  Brief, Defendant concedes that the ALJ erred in his decision, necessitating remand for further

18  administrative review.   Plaintiff argues the errors made should persuade the court to remand the matter,

19  not for further review, but for an award or appropriate benefits.  Accordingly, the only issue before the

20  court is the appropriate remedy.  After reviewing the record, the undersigned recommends that the Court

21  remand the matter for further proceedings with another ALJ assigned to the matter.

22                          FACTUAL AND PROCEDURAL HISTORY

23          Born in 1952, Plaintiff is currently 55 years old.  He has a high school education and training in

24  drafting (Tr. 72). He had worked as a welder's helper, apartment house manager, apartment house

25  maintenance man, as a house designer, and a mental health group home work, counselor, or companion

26  (Tr. 67, 87-88). He had worked longest as a house designer (Tr. 67, 87-88).

27          Plaintiff filed claims for DIB and for SSI disability benefits on June 26, 2003, alleging disability

28  beginning October 1, 2002, due to left knee arthritis, sleep apnea, emphysema, hearing loss, constant

1   ringing in his ears, depression, anxiety, and no energy (Tr. 66, 86). At the hearing, he amended his

2   disability onset date to May 3, 2003, although he continued to work after that date (Tr. 15, 66, 87,

3   558-59).  His claims were denied initially and on reconsideration (Tr. 35-44, 543-54). Plaintiff made a

4   timely request for a de novo hearing before an administrative law judge (ALJ) (Tr. 42-46). ALJ Timothy C.

5   Terrill conducted the hearing on December 13, 2005, in Portland, Oregon (Tr. 555-605). The ALJ heard

6   testimony from two witnesses: Plaintiff and Paul Morrison, a vocational expert (Tr. 555-605).

7       On January 27, 2006, the ALJ issued a decision finding Plaintiff not disabled (Tr. 12-23).  On

8   September 1, 2006, the Appeals Council denied Plaintiff's request for review (Tr. 5-8, 156-57), making the

9   ALJ's decision the final decision of the Commissioner.  20 C.F.R. §§ 404.981, 416.1481, 422.210 (2006).

10  The instant action was initiated by Plaintiff on October 25, 2006.  In his Opening Brief Mr. Taylor argued

11  the ALJ failed to appropriately consider the matter.  Plaintiff specifically contends the ALJ made the

12  following errors: (i) the ALJ improperly rejected the opinion and records of Dr. Schneider; (ii) the ALJ

13  improperly rejected the opinion and records of Dr. Quinci; (iii) the ALJ improperly rejected the opinion and

14  records of Dr. Brigman; (iv) the ALJ improperly rejected statements submitted by Mr. Taylor's friends and

15  girlfriend, concerning their observations of Mr. Taylor's symptoms and functional limitations; (v) the ALJ

16  improperly discredited Mr. Taylor's testimony; and (vi) the ALJ improperly concluded that Mr. Taylor was

17  capable of performing work within the national economy.

18      In response Defendant concedes (A) the ALJ failed to properly consider the opinion of Dr.

19  Schneider; (B) the ALJ failed to properly consider the opinion of Dr. Quinci; (C) the ALJ failed to address

20  the most recent records of the treating physician, Dr. Brigman; and (D) the ALJ erred when he failed to

21  adequately address the lay witness evidence, and it should be reconsidered in light of the need to reconsider

22  the medical evidence.  Defendant argues the errors committed by the ALJ necessitate a remand for further

23  proceedings.  Defendant specifically argues the record does not establish that Plaintiff is unable to work.

24                                          DISCUSSION

25      The decision whether to remand a case for further proceedings or simply to award benefits is within

26  the discretion of the court.  Harman v. Apfel, 211 F.3d 1172, 1176-1178 (9th Cir. 2000).  An award of

27  benefits is appropriate when no useful purpose would be served by further administrative proceedings, or

28  when the record has been fully developed and there is not sufficient evidence to support the ALJ's

1   conclusion.  Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989). Remand is appropriate where

2   additional administrative proceedings could remedy defects. Id.; Bilby v. Schweiker, 762 F.2d 716, 719

3   (9th Cir. 1985) (citing Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984)). Where remand would only

4   delay the receipt of benefits, judgment for the claimant is appropriate.  Rodriguez, 876 F.2d at 763.

5           Plaintiff argues the matter should be reversed and remanded only for consideration of appropriate

6   benefits.  Plaintiff's argument relies heavily on the assertion that the court should credit as true the medical

7   opinions, the lay witness statements and plaintiff's testimony.

8           The following test is used to determine when evidence should be credited and an immediate award

9   of benefits directed: "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence,

10  (2) there are no outstanding issues that must be resolved before a determination of disability can be made,

11  and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such

12  evidence credited."  Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.2000)(quoting Smolen v. Chater, 80

13  F.3d 1273, 1292 (9th Cir.1996).

14          In Harman the social security claimant argued the ALJ improperly rejected medical testimony and

15  the district court was obligated to credit the opinion as true.  The Ninth Circuit rejected the argument,

16  stating:

17          Appellant supports his argument that Dr. Fox's testimony should be credited by
            citation to Lester v. Chater, 81 F.3d 821 (9th Cir.1995) and Smolen v. Chater, 80 F.3d
18          1273 (9th Cir.1996).  In Lester, we wrote that "[w]here the Commissioner fails to provide
            adequate reasons for rejecting the opinion of a treating or examining physician, we credit
19          that opinion 'as a matter of law.' "  Lester, 81 F.3d. at 834, quoting Hammock v. Bowen,
            879 F.2d 498, 502 (9th Cir.1989).  We built upon this rule in Smolen by positing the
20          following test for determining when evidence should be credited and an immediate award of
            benefits directed:
21               (1) the ALJ has failed to provide legally sufficient reasons for rejecting such
                 evidence, (2) there are no outstanding issues that must be resolved before a
22               determination of disability can be made, and (3) it is clear from the record
                 that the ALJ would be required to find the claimant disabled were such
23               evidence credited.

24  Smolen, 80 F.3d at 1292. [Footnote omitted]

25          The Commissioner attacks Appellant's reliance on Lester by arguing that the record
            in that case contained no evidence capable of supporting the rejection of the medical
26          opinions, while here, according to the Commissioner, there is such evidence. [Footnote
            omitted]  However, even assuming arguendo that there is material in the record upon which
27          the ALJ legitimately could have rejected Dr. Fox's testimony, the Commissioner's attempt to
            distinguish Lester is not well founded.  In Varney v. Secretary of Health and Human
28          Services (Varney II), 859 F.2d 1396 (9th Cir.1988), this court addressed the propriety of
            adopting the Eleventh Circuit's practice of accepting a claimant's pain testimony as true

REPORT AND RECOMMENDATION
Page - 3

when it is inadequately rejected by the ALJ. In language which is equally applicable here, we stated:

> Requiring the ALJs to specify any factors discrediting a claimant at the first opportunity helps to improve the performance of the ALJs by discouraging them from reach[ing] a conclusion first, and then attempt[ing] to justify it by ignoring competent evidence.... [¶ And] the rule [of crediting such testimony] ensures that deserving claimants will receive benefits as soon as possible....
>
> ..   Certainly there may exist valid grounds on which to discredit a claimant's pain testimony.... But if grounds for such a finding exist, it is both reasonable and desirable to require the ALJ to articulate them in the original decision.

*Id.* at 1398-99. (Emphasis added; internal quotes and citation omitted).

Our reliance on *Varney II* to justify the current application of *Smolen* does not obscure the more general rule that the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings. *See Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir.1981). Rather, the *Smolen* test still enables only a limited exception to the general rule.

We conclude that if the Smolen test is satisfied with respect to Dr. Fox's testimony, then remand for determination and payment of benefits is warranted regardless of whether the ALJ *might* have articulated a justification for rejecting Dr. Fox's opinion.

*B. Applying the Test*

Not surprisingly, the parties disagree as to whether the Smolen test is met here. Specifically, they disagree as to whether crediting Dr. Fox's opinion mandates a finding of disability.  [Footnote omitted]  We conclude that it does not.

Harman, 211 F.3d at 1178-79 (9th Cir. 2000), *cert. denied*,  531 U.S. 1038 (2000).

The Harman court found the Smolen test did not apply after reviewing the need for remand and whether benefits could be awarded as a matter of law.  Because additional materials on remand needed to be considered, because the medical opinion that Appellant is totally disabled is a medical rather than a legal conclusion and because there was no testimony from the vocational expert that the limitations found would render the claimant unable to engage in any work the Harman court did not apply the Smolen test to credit the medical opinion as true.  The matter was remanded without conditions directing the administration to credit the improperly rejected medical opinion as true.

In the case at hand this court similarly finds remand with a directive to the administration to credit the certain medical opinions, or the statements and testimony, as true inappropriate.  Here, remand is

necessary to allow the administration the opportunity to review the record and cure the mistakes the ALJ made in his decision.  The record is incomplete.  The administration should be given the opportunity to reconsider the evidence and apply the five-steps of the evaluation process to determine if Mr. Taylor is disabled.  On remand, the ALJ should review the matter in its entirety.

## CONCLUSION

Based on the foregoing, the undersigned recommends that the Court REMAND the matter to the administration with the direction that the Commissioner assign a new ALJ.   On remand the new ALJ shall review the record as described in this report.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 8, 2007**, as noted in the caption.

DATED this 16th day of May, 2007.

/s/ J. Kelley Arnold
J. Kelley Arnold
U.S. Magistrate Judge